Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-205-2466
stuart@pricelawgroup.com
*Attorneys for Plaintiff, Hilma Garcia*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hilma Garcia; | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | 1. **TCPA, 47 U.S.C. § 227** |
| RISE CREDIT OF CALIFORNIA, LLC D/B/A RISE; | 2. **RFDCPA, Cal. Civ. Code § 1788** |
| Defendant. | **(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Hilma Garcia, ("Plaintiff"), through her attorneys, alleges the following against Defendant, RISE Credit of California, LLC, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in the Central District of California.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Whittier, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant is a creditor engaged in the business of giving loans with its principal place of business located in Fort Worth, Texas.  Defendant can be

served with process through RISE Credit of California, LLC, 4150 International Plaza, Suite 300, Fort Worth, TX 26109.

9.  Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c)*.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. Upon information and belief, in or around October 2015, Defendant began calling Plaintiff on her cellular phones at (562) 900-4947 and (213) 454-3152, in an attempt to collect a debt.

13. Plaintiff has two separate cellular phones because she requires a phone dedicated to her work.

14. Many of the phone calls were coming from the phone number: (866) 580-1227.

15. On or about December 4, 2015 at 11:32 am, Plaintiff received a call from Defendant from (866) 580-1227. Plaintiff told the agent on the phone to stop calling her on her cellular phone.

16. On or about December 5, 2015 at 8:08 am, Plaintiff answered another call from (866) 580-1227 and, again, told the agent on the phone to stop calling her on her cellular phone.

17. On December 5, 2015, Defendant called Plaintiff five (5) more times at 8:44 am, 9:31 am, 9:51 am, 10:38 am, and 10:58 am.

18. Plaintiff answered the phone call at 10:58 am on December 5, 2015, and again revoked consent to be contacted any further on her cellular phone.

19. On December 6, 2015, Plaintiff received three (3) calls to her personal cellular phone at 8:10 am, 9:32 am, and 10:45 am.

20. Also on December 6, 2015, Plaintiff received three (3) calls to her work-dedicated cellular phone at 8:19 am, 9:48 am, and 11:03 am.

21. Plaintiff received six (6) more phone calls on December 7, 2015, December 8, 2015, and December 9, 2015. Each day Plaintiff received three (3) calls to her personal cellular phone and three (3) calls to her work-dedicated cellular phone.

22. On December 10, 2015, Plaintiff received seven (7) phone calls from Defendant. Four (4) calls to her personal cellular phone at 8:41 am, 10:06 am, and twice at 11:13 am. Three (3) calls to her work cellular phone at 9:16 am, 10:34 am, and 11:39 am.

23. Between December 8, 2015 and December 31, 2015, Plaintiff received no less than one hundred seventy (170) calls from defendant after revoking consent to be contacted multiple times.

24. On or about January 2, 2016, Plaintiff received six (6) phone calls from Defendant; three (3) calls to her personal cellular phone and three (3) calls to her work cellular phone.

25. On January 3, 2016 and January 4, 2016, Plaintiff received six (6) phone calls from Defendant each day.

26. Between January 1, 2016 and January 11, 2016, Plaintiff received no less than sixty (60) phone calls from Defendant.

27. Plaintiff received between five (5) and seven (7) calls from Defendant every day of the week for approximately one and a half months: the beginning of December 2015 through the middle of January 2016.

28. In total, Plaintiff received approximately two hundred and thirty (230) phone calls from Defendant over the two-month period between December 2015 and January 2016.

29. Plaintiff uses her work phone extensively while she is working. The incessant phone calls severely interrupted her ability to operate efficiently and effectively.

30. Plaintiff uses her personal phone as her primary means of contact outside of work and the incessant calls caused Plaintiff to endure emotional distress and severe mental anguish.

## COUNT I

## (Violations of the TCPA, 47 U.S.C. § 227)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at

Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

33. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## <u>COUNT II</u>

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

b)  Defendant violated Cal. Civ. Code § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances; and

c)  Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i.  Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Hilma Garcia, respectfully requests judgment be entered against Defendant, RISE, for the following:

    A. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b); and

    B. Actual damages pursuant to Cal. Civ. Code §1788.30(b); and

    C. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c); and

    D. Statutory damages pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3)(B); and

    E. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: July 12, 2016

By:*/s/ Stuart Price*
    Stuart Price, Esq.
    15760 Ventura Boulevard, Suite 800
    Encino, CA 91436
    Tel: 818-907-2030
    stuart@pricelawgroup.com
    Attorney for Plaintiff